KAUTZ, Justice.
*446 [¶1] A jury convicted Buddy Edward Curby of strangulation of a household member. Mr. Curby appeals, arguing the State violated his right to due process when it failed to comply with obligations established in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We affirm.
ISSUE
[¶2] Mr. Curby states one issue in this appeal:
Did the prosecution violate Mr. Curby's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution when it [withheld] evidence from [Mr. Curby] until the last possible moment before trial?
FACTS
[¶3] Mr. Curby's girlfriend reported he assaulted and choked her to the point of unconsciousness during an altercation between the two. The State charged Mr. Curby with strangulation of a household member, in violation of Wyo. Stat. Ann. § 6-2-509(a)(i) (LexisNexis 2017). The district court set a jury trial for August 10, 2017 and ordered that all discovery be completed by July 20, 2017. Mr. Curby filed a demand for discovery, requesting the State provide him with "[a]ny relevant written or recorded statements made by [Mr. Curby]" and "[a]ny and all exculpatory evidence for [Mr. Curby] or evidence which aids [Mr. Curby] in the preparation of the defense." On July 12, 2017, the district court re-set the jury trial for August 8, 2017, but ordered that all other deadlines in the previous order-including the discovery deadline-remain in full force and effect.
[¶4] On July 20, 2017, the discovery deadline, the State provided Mr. Curby with over 1,500 recorded telephone conversations between Mr. Curby and a woman named Serena Jacobson. Those telephone conversations occurred while Mr. Curby was in jail pending trial. Mr. Curby filed a motion to preclude the State from using any of those phone calls in its case. He argued the State should have provided the recordings to him much earlier than it did, and its failure to do so violated its obligations under Wyoming Rule of Criminal Procedure 16(a)(1)(A)(i)(1) and Brady . After a hearing, the district court determined the State's disclosure of the telephone calls did not violate its discovery obligation under Rule 16 or its obligations under Brady .
[¶5] The trial began, as scheduled, on August 8, 2017. The State presented testimony of the victim, law enforcement officers, several medical providers, and hospital employees. The State also introduced many exhibits including photographs of the victim and the hospital records associated with treatment of her injuries. It also introduced some of the recorded telephone conversations. At the conclusion of the State's case-in-chief, Mr. Curby's counsel informed the district court that four pages of State's Exhibit 19, which consisted of a medical report by the sexual assault nurse examiner, had not been disclosed to the defense prior to trial. Counsel argued that the State's conduct violated the discovery rules and sought dismissal of the charges with prejudice or a mistrial. The State represented that the four pages in question were inadvertently attached to State's Exhibit 19 and conceded those documents should be excluded from the evidence considered by the jury. The State pointed out the documents were merely cumulative to witness testimony and other reports presented at trial and asserted a more drastic remedy was unnecessary.
[¶6] The district court agreed that the documents were cumulative to other evidence presented at trial and, therefore, were not prejudicial. The court determined it would exclude the records and it instructed the jury to disregard those records and any testimony discussing them. With that remedy, the district court concluded the circumstances did not rise to a level necessitating a mistrial or dismissal with prejudice. The jury found Mr. *447 Curby guilty of strangulation of a household member, and the district court sentenced him to not less than three nor more than five years of imprisonment. Mr. Curby filed a timely notice of appeal.
STANDARD OF REVIEW
[¶7] If the State improperly suppresses exculpatory evidence, that conduct implicates a defendant's constitutional right to due process. Davis v. State , 2017 WY 147, ¶ 18, 406 P.3d 1233, 1237 (Wyo. 2017) (quoting Lawson v. State , 2010 WY 145, ¶ 19, 242 P.3d 993, 1000 (Wyo. 2010) ). Therefore, we review de novo Mr. Curby's claims that the State suppressed evidence during his trial proceedings. Id.
DISCUSSION
[¶8] In the district court, Mr. Curby argued that the timing of the State's disclosure of the telephone call recordings amounted to a violation of W.R.Cr.P. 16 and a prosecutor's obligations under Brady . On appeal, Mr. Curby abandoned his argument regarding Rule 16 and instead focuses on the premise that his due process rights were violated when the State failed to comply with Brady .
[¶9] A defendant does not have a constitutional right to discovery in a criminal case. Dodge v. State , 562 P.2d 303 (Wyo. 1977) (citing Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) ). However, in Brady , 373 U.S. at 87, 83 S.Ct. at 1196-97, the United States Supreme Court held due process requires that prosecutors disclose to a defendant evidence that is favorable to the defendant and material either to guilt or punishment. This rule places "an affirmative duty on the prosecutor to learn of favorable evidence in the State's control and divulge such evidence to the defendant." Lawson , ¶ 21, 242 P.3d at 1000. Further, it extends to evidence gathered by investigatory officers but not known to the prosecutor. Id . This rule exists to "ensure that a miscarriage of justice does not occur." United States v. Bagley , 473 U.S. 667, 675, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985). To demonstrate a Brady violation, a defendant must show the prosecution suppressed evidence, the evidence was favorable to the defendant, and the evidence was material. ( Lawson , ¶ 21, 242 P.3d at 1000 (citing Brady , 373 U.S. at 87, 83 S.Ct. at 1196-97 ) ).
[¶10] Mr. Curby argues the State in effect "suppressed" the telephone call recordings when it did not disclose them at some unknown period prior to the district court's imposed deadline. Mr. Curby's argument, however, is not supported by Brady or any authority based on Brady . This Court has consistently recognized that the "essence of Brady is the discovery of information after the trial , which was known to the prosecution but unknown to the defense during the trial." Thomas v. State , 2006 WY 34, ¶ 16, 131 P.3d 348, 353 (Wyo. 2006) (emphasis in original) (citing United States v. Agurs , 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) ); see also Pearson v. State , 2017 WY 19, ¶ 37, 389 P.3d 794, 802 (Wyo. 2017) ; Kovach v. State , 2013 WY 46, ¶ 21, 299 P.3d 97, 104 (Wyo. 2013) ; Landeroz v. State , 2011 WY 168, ¶ 26, 267 P.3d 1075, 1082 (Wyo. 2011). Even if the exculpatory evidence was not disclosed pretrial, but "is discovered during the trial and defense counsel has the opportunity to use it in cross-examination, closing argument, or other parts of the defense case, courts generally do not find a due process violation." Thomas , ¶ 16, 131 P.3d at 353. " Brady is not violated when the material is available to the defendant during trial." Davis , ¶ 22, 406 P.3d at 1238 (quoting Thomas , ¶ 16, 131 P.3d at 353 ).
[¶11] Here, Mr. Curby received the recordings within the deadline established by the district court, twenty days before trial. While Mr. Curby may have preferred to receive the recordings earlier, this does not result in a Brady violation. In Pearson, ¶ 38, 389 P.3d at 802, we held that the State did not violate Brady when it disclosed the morning of the first day of trial an immunity and plea agreement it had reached with a witness in the case. Further, in Thomas , we held the State did not violate Brady when it disclosed favorable evidence to the defendant on the second and third days of trial. Thomas , ¶¶ 17-18, 131 P.3d at 353-54.
*448 [¶12] Mr. Curby suggests his situation is different from those we have previously considered because it "is much more labor intensive [to listen to telephone call recordings] than going through physical documents that can be more easily skimmed and prepared." He goes on to conclude that, "[t]herefore, pure availability of evidence is not determinative of a Brady violation." Mr. Curby has provided no authority to support his conclusions in this regard. Without support to the contrary, we find no reason to depart from our well-established precedent on this matter. We must conclude the State did not suppress the recordings and, consequently, did not violate Brady when it provided the telephone call recordings to Mr. Curby twenty days before trial commenced. Because Mr. Curby has failed to demonstrate the recordings were suppressed, we need not discuss the other Brady elements.
[¶13] Mr. Curby also argues the State violated Brady when it submitted to the jury a four-page medical report authored by the sexual assault nurse examiner as part of State's Exhibit 19 that had not been disclosed to the defense before trial. He does not claim that the district court improperly handled the issue when it removed that report from evidence and instructed the jury to disregard it, nor does he disagree with the district court that the report was cumulative of other evidence. Instead, he asserts that the inadvertent inclusion of this report in an exhibit violated Brady.
[¶14] Mr. Curby's argument regarding this claim is puzzling. Mr. Curby brought to the district court's attention that the report had not been disclosed but had been entered into evidence. The prosecutor acknowledged the report was admitted in error. The district court struck the report from State's Exhibit 19 and instructed the jury to disregard the report and any testimony associated with the it. We presume the jury followed that instruction. Bruce v. State , 2015 WY 46, ¶ 75, 346 P.3d 909, 931 (Wyo. 2015). In the end, it was as if the report had never been used or introduced during the trial.
[¶15] Even beyond that problem, however, is the notion that this could arguably be considered a Brady violation. As discussed above, Mr. Curby must show the State suppressed the evidence, the evidence was favorable to Mr. Curby, and the evidence was material. As with the phone calls, even if the report had not been previously disclosed to Mr. Curby, it was disclosed at trial in time for Mr. Curby's counsel to make use of the evidence. Thomas , ¶ 16, 131 P.3d at 353. More significantly, Mr. Curby makes no argument whatsoever that this report was favorable to him. A review of the report in question reveals the information is not favorable or exculpatory to Mr. Curby. In fact, in his brief, Mr. Curby specifically states: "The evidence was favorable to the State as the report made conclusions to a reasonable degree of medical certainty and was critical as to what [Mr. Curby] had done to the victim." Mr. Curby goes on to argue: "The information contained within the report was material to the guilt of Mr. Curby , as it provided evidence of the crime of strangulation and the harm inflicted during the incident." Because this evidence was not favorable to Mr. Curby, it cannot be the subject of a Brady violation. Bagley , 473 U.S. at 674, 105 S.Ct. at 3379 (quoting Brady , 373 U.S. at 87, 83 S.Ct. at 1196 ) ("The holding in Brady v. Maryland requires disclosure only of evidence that is both favorable to the accused and 'material either to guilt or to punishment.' ").
CONCLUSION
[¶16] Mr. Curby has failed to demonstrate the State violated its obligations under Brady . The State did not suppress any evidence from Mr. Curby. Instead, the State disclosed the telephone call recordings twenty days before trial and disclosed the medical report in question at trial. Further, the medical report was not favorable to Mr. Curby, and it was not considered by the jury.
[¶17] Affirmed.